United States District Court
Southern District of Texas
ENTERED
November 03, 2026
Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| Elbann Antrakeisha Burrell, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Civil No. 4:25-cv-4336 |
| | § | |
| Performance Contractors, Inc., | § | |
| | § | |
| Defendant. | § | |

## ORDER ADOPTING REPORT AND RECOMMENDATION

Plaintiff Elbann Antrakeisha Burell, proceeding *pro se* and *in forma pauperis*, sued Defendant, Performance Contractors, Inc., for employment discrimination, intentional infliction of emotional distress, retaliation, and defamation, among other claims. *See generally* Doc. 1; *see also* Doc. 31 at 1–2. The case was referred to United States Magistrate Judge Peter Bray. Doc. 28. Defendant subsequently filed a Motion to Dismiss. Doc. 29. Magistrate Judge Bray subsequently issued a report recommending that Plaintiffs' claims be dismissed with prejudice as time-barred under 42 U.S.C. § 2000e-5, and for failure to state a claim. Doc. 31.

As a threshold matter the Court notes that Plaintiff has filed a Motion for Leave to File Late Objections. Doc. 32. As Plaintiff has already filed her objections, Doc. 34, the Motion is GRANTED.

The court reviews the objected-to portions of a Magistrate Judge's report and recommendation *de novo*. 28 U.S.C. § 636(b)(1)(C); Fed. R. Civ. P. 72(b)(3); *see also United States v. Wilson*, 864 F.2d 1219, 1221 (5th Cir. 1989) (per curiam). The court need

not consider general, frivolous, or conclusory objections to a report and recommendation. *See Battle v. U.S. Parole Comm'n*, 834 F.2d 419, 421 (5th Cir. 1987). The court may accept any other portions to which there is no objection if satisfied that no clear error appears on the face of the record. *See Guillory v. PPG Indus. Inc.*, 434 F.3d 303, 308 (5th Cir. 2005) (citing *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1430 (5th Cir. 1996) (en banc)); *see also* Fed. R. Civ. P. 72(b) advisory committee note (1983).

Here, Magistrate Judge Bray recommends dismissal because Plaintiff's Title VII claims are time-barred for failure to comply with the ninety-day timing requirement, and Plaintiff has presented no facts for the Court to apply equitable tolling. Doc. 31 at 5–6. Furthermore, Magistrate Judge Bray recommends dismissal for failure to state a claim under 12(b)(6) because Plaintiffs' claims in her Complaint and First Amended Complaint contain a list of mere conclusory assertions devoid of a factual basis. *Id.* at 6.

The Court agrees with Magistrate Judge Bray's analysis that Plaintiff's Title VII claims are time-barred, and that there is no basis for equitable tolling. *See* Doc. 31 at 5. Plaintiff's objections do not allege sufficient facts to support a conclusion otherwise. *See* Doc. 34 at 1. Additionally, the Court agrees with Magistrate Judge Bray's analysis that Plaintiff's claims should be dismissed for failure to state a claim. *See* Doc. 31 at 6. Plaintiffs' objections provide no additional facts to show dismissal is not appropriate on this basis. *See* Doc. 34 at 1. Furthermore, Plaintiff has had two opportunities to plead her case, after receiving leave to amend. *Id.* at 2. As such, the Court agrees with Magistrate

Judge Bray that dismissal with prejudice is appropriate, and Plaintiff's stated objections, Doc. 34 at 2, do not change the Court's analysis.

Thus, having reviewed Magistrate Judge Bray's report and being satisfied that there is no error, the Court adopts the report's findings and recommendations. Defendants' Motion to Dismiss, Doc. 29, is GRANTED. All claims in this action are DISMISSED WITH PREJUDICE. A final judgment will be entered separately.

**SO ORDERED.**

**SIGNED** at Houston, Texas, on the 3rd of November, 2026.

Nicholas J. Ganjei
United States District Judge